IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOSEPH OYE OGUNTODU, PRO SE, § <br> also known as AYOOLA OGUNTODU, § <br> TDCJ-CID No. 1728590, § <br> Previous TDCJ-CID No. 4789877, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JEFFREY GRESHAM, CO III; § <br> NFN LEIGHTON, Boot Camp Lieutenant; § <br> RALPH KEANOR, CO V; and § <br> NFN BARNETT, Night Card Sargeant, § <br> § <br> Defendants. § | 2:13-CV-0026 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff JOSEPH OYE OGUNTODU, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed *in forma pauperis*.

Plaintiff claims that sometime in 2012, defendant GRESHAM yelled at him and told him he had trust issues. Plaintiff says on April 10, 2012, he was stopped by GRESHAM, BARNETT, Rhodes, Goff, and LEIGHTON and was searched. Plaintiff says they looked through his black notebook and confiscated it. Plaintiff also complains defendant KEANOR threatened to "G5" plaintiff and is rude and inconsiderate.

Plaintiff requests compensatory damages of $1,000.00, nominal damages of $30.00, and unspecified injunctive relief.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

On October 24, 2013, plaintiff filed his Briefing Order response and informed the Court that he is not alleging the reason for the confiscation of his notebook is invalid. Instead, plaintiff says, he is alleging the notebook was confiscated for other reasons and that those reasons were retaliation and official oppression[3]. It appears plaintiff is alleging defendants GRESHAM,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

[3] See plaintiff's October 24, 2013 response to question nos. 7 and 8 on the Questionnaire.

BARNETT, and LEIGHTON took his black notebook illegally to retaliate against him for unspecified reasons and not as authorized by TDCJ regulations.

For random, unauthorized deprivations of the sort described by plaintiff, Texas provides an adequate post-deprivation remedy by way of a civil action in tort for conversion. *Murphy v. Collins,* 26 F.3d 541, 543-44 (holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Thompson v. Steele,* 709 F.2d 381, 383 (5th Cir.1983) (holding that a state action for damages is an adequate remedy), *cert. denied,* 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

Although plaintiff suggests the confiscation was done to retaliate against him, plaintiff does not state why the defendants retaliated again him and provides no supporting factual allegation. To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998). The inmate must be able to point to a specific constitutional right that has been violated. *Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir.1999). To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient to support such a claim. All plaintiff has offered is his own speculation that he believes defendants acted to retaliate against him. This is not sufficient to state a claim of retaliation on which relief can be granted.

Thus, plaintiff's claims against defendants GRESHAM, BARNETT, and LEIGHTON concerning the confiscation of his notebook lack an arguable basis in law, and are frivolous.

3

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff's allegation of retaliation fails to state a claim on which relief can be granted.

As to plaintiff's claim that defendant GRESHAM yelled at him and told him he had trust issues and that defendant KEANOR threatened to "G5" plaintiff and is rude and inconsiderate, it is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). Mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)). Consequently, the remarks plaintiff attributes to defendants GRESHAM and KEANOR will not support a claim of violation of plaintiff's constitutional rights.

## CONCLUSION

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JOSEPH OYE OGUNTODU is DISMISSED WITH PREJUDICE AS FRIVOLOUS and FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the

General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 14th day of February, 2014.

MARY LOU ROBINSON
United States District Judge